May it please the court. My name is Niko Ratkowski. I'm here on behalf of the petitioner principally to discuss whether or not Minnesota statute 152.025 subdivision 2 constitutes a controlled substance offense within the meaning of the Immigration and Nationality Act. In order to it is undisputed that the statute at issue is overbroad and in order to determine whether or not it does constitute a controlled substance act we must determine whether or not the statute is divisible which is determined by whether or not the statute provides alternative means or elements for committing the crime. In the statute at question the elements are unlawful possession of one or more mixtures containing a controlled substance classified in schedules 1, 2, 3, or 4 except for a small amount of marijuana. This is further supplemented by case law regarding mens rea elements which do not require actual knowledge of the substance in question just actual knowledge of possession of a substance that then happens to be a controlled substance. There's also an actus reus requirement and the actus reus requirement is that one must actively possess a controlled substance. It is not necessary for them to possess any specific controlled substance so long as it falls within schedules 1 through 4 and is not a small amount of marijuana. The actus reus must be proved beyond a reasonable doubt. This is essential to the question at hand in that it is necessary for a jury to find unanimously that someone possessed a controlled substance in order for a conviction to stand. It is not necessary for the jury to agree unanimously as to which substance was possessed. This is made clear in cases in which there is one or more mixtures containing multiple controlled substances. In those cases, it is only necessary for the jury to agree that the mixture contains a controlled substance, not the specific identity of the controlled substance. This saves the state expensive laboratory testing to determine every single possible substance at issue. It saves the jury having to weigh various small amounts of other additional substances when the presence of one substance is capable of sustaining the charge by and of itself. Further, this interpretation is supported by Minnesota case law in which the state court of appeals has held that in order for a controlled substance conviction to stand, it is necessary that the state prove that the person had a controlled substance. That is in State v. Nock. State v. Ali held very similarly, although it was with regards to the mens rea requirement, that the only real issue is whether or not the substance is controlled. Furthermore, it is relevant, based off this court's precedence, that the definition of controlled substance is not actually found within Minnesota Statute 152.025. Rather, the definition of controlled substance is found in a separate statutory section, section 152.01, which then further defines it through reference to a third separate statutory section, 152.02. Now, while it may be tempting to believe that the schedule of substances in 152.02 is an exhaustive list, doing so is not actually accurate. So, the drug prohibitives, isomers, other substances that are not explicitly listed and new drugs are made every day, designer drugs that are capable of being included within that substance that are within that list that do not currently exist. As such, the list as it exists today is not exhaustive. The pharmacy board can add and remove substances as they so choose. And, because of that, this court's precedence in McPhee v. U.S. and Hedberg v. U.S. are very applicable. This is similar to when this court held that a dangerous weapon is an element of the crime of assault, second degree, when there is an assault with a dangerous weapon. Isn't there Minnesota precedent to the fact that the identity of the drug is an element? So, there are a couple cases that seem to state that. State v. Vail is one of the first ones where it says that Minnesota law requires the identity of the controlled substance, but the end of that sentence is the defendant's belief is not enough. This is because there is one substance in question and the identity of the substance was challenged. And so, if the identity of that substance was not found to be a controlled substance, there was no doubt that, had that substance also had a second substance of which the identity was undisputed, it would be unnecessary to prove the identity of the first substance in question. Likewise, State v. Papadakis is probably the case that supports that position the most, but State v. Papadakis dealt with a situation in which the elements of the crime, or in particular, the charges by a single substance at a time. Had the complaint actually listed multiple substances in a single charge, it would not have been necessary for the State to prove the identity of every substance. And so, the question becomes not can the State sustain multiple charges for the same controlled substance, but whether or not the State can prove multiple controlled substances in a single count. And based off prior cases and based off the facts of this case, the State does do that. In State v. Davis, a 2016 unpublished decision by the Minnesota Court of Appeals, cited by the immigration judge in the September 21, 2017 decision, involved a situation in which a person was charged with possession of marijuana, a Schedule I drug, possession of Percocet, a Schedule II drug, and possession of Vicodin, a Schedule III drug. Those were all listed as one single count, and the defendant was found guilty, and they were guilty of possession of a controlled substance. It was not necessary to determine what specific controlled substance was at issue. Similarly, in this case, I thought Papadakis involved seven different controlled substances. Am I wrong about that? You're correct, but I believe five or six of them were steroids. And so, because they were all separate, they could have been charged in a single count, but they chose to separate them out, likely to secure a plea agreement. But had they been mixed, so they were separate acts of possession, which is the key of Papadakis. But had they been mixed into a single mixture, at that point, it would not have been necessary to actually charge them separately. Question I realized last night. Is Tramadol a controlled substance under both Minnesota and under federal law? I was looking at it, and I cannot find that it's scheduled under federal law. Secondary sources seem to indicate that it might be, but the chemical name of Tramadol, I was unable to find it anywhere. Thank you. I don't know either. Proceed. It's also relevant that the jury instructions at issue state, first, the defendant unlawfully possessed one or more mixtures containing a blank, and there's a footnote in the jury instructions. And at that footnote, it says a Schedule 1, Schedule 2, Schedule 3, or Schedule 4 controlled substance, except for a small amount of marijuana. The jury instructions could have stated the specific controlled substance, or a controlled substance, or the identity of a controlled substance, but instead, it omitted any reference of the term controlled substance or the specific identity of the controlled substance. Instead, it defaulted to the schedules, Schedule 1, Schedule 2, Schedule 3, or Schedule 4. So at most, even if the identity of the controlled substance could, or even if the statute is divisible, it's only to determine what schedule the drug falls within, not to determine the specific identity of the drug in question. I also believe that these arguments are supported by longstanding Minnesota precedent dating all the way back to 1877, in which State v. Heck, the court held that in terms of the sale of intoxicating liquors, it was not necessary for the state to prove what specific intoxicating liquor was sold. It was only necessary for the state to prove that the liquor was intoxicating. The Minnesota Supreme Court in 1889 went ahead and clarified this allegation to allege and prove the sale of intoxicating liquors without needing to prove either the, quote, name or kind, whether whiskey or gin, or wine or beer, whether spiritus or venus, or fermented or malt liquors. To date, these cases have not been overruled, and they're entitled to the strong weight of stare decisis. Furthermore, in terms of alcohol, they provided alcohol sales to minors provides a useful analysis here, or a useful analogy. In terms of whether or not someone is guilty of selling alcohol to an underage person, it is necessary to prove that the person was underage. It's not necessary to prove their exact age. While there is a specific range of cases in which the age of a person could fall, whether between zero and 20 years of age, the state is not responsible for proving the exact age of the person, except to prove that the sale Your time's short. Has the Minnesota Supreme Court really said, quote, Minnesota law requires proof of the actual identity of the substance, unquote? That's in bail. That's allegedly a quote from bail. It does say that, but there's a comma after that, and it states to the defendant's belief is not enough, and so if there's no scientific evidence whatsoever, and there's no circumstantial evidence whatsoever, then it's just incapable of sustaining a charge. But if there's multiple substances in question, it wouldn't apply to every substance in question. And I'll reserve the rest of my time for rebuttal. Thank you. Thank you, Mr. Redkosky. Ms. McKinney. Good morning. May it please the Court. My name is Katherine McKinney, and I represent the Respondent Attorney General in this matter. In this case, the Board correctly determined that Petitioner's drug conviction renders her inadmissible for having been convicted of a law related to a controlled substance. Pursuant to Maloui, for an offense to relate to a controlled substance, there must be a connection between an element of the conviction and a federally controlled substance. Here, the Minnesota Fifth Degree Possession Statute does not categorically relate to a controlled statute. Thus, where the statute is overbroad, as here, the Court must determine whether the statute is divisible using the elements versus means analysis from DeCamps and Mathis. Here, the Board properly concluded that the In doing so, it first looked to whether there was a State court decision definitively answering the question. And while there is no State court decision definitively answering the question as to whether the identity of the substance is an element, the case law, the text of the statute, and the jury instructions support the agency's conclusion that the statute is divisible as to identity of substance. The appellant says the jury instruction doesn't and gave us his reasons for that. Why is that The jury instructions support the agency's conclusion that it does. It has a fill-in-the-blank structure where the identity of the substance must be indicated on the first element, possession of a controlled substance, fill-in-the-blank. Was it in this case? Do we know? In this case, I actually don't think that we do know. I know that the charging documents in this case alleged methamphetamine and tramadol in that instance. But again, we only peek into the conviction documents and the elements analysis if necessary later if these other methods of analyzing the statute don't provide the answer. And in this case, for example, we have Minnesota Supreme Court case law stating that the Minnesota law requires the identity of the controlled substance to be proven, and that's quoted from Vail. What about the rest of the sentence? When I quoted that to opposing counsel, he said, what about the rest of the sentence? What about the rest? We have the court saying that, and we have the court saying that in Dick, and then we have several unpublished court of appeals cases from the state referring to that statement as the law in Minnesota, that the identity must be proven. And it's important to note here, as we noted in our brief, that in Minnesota, the courts of appeals don't frequently publish their cases unless a limited set of circumstances applies. And one of those would be if they're making new law. So it actually makes those cases even more persuasive here when you see several of the courts of appeals referring to that requirement as the law, because they didn't think that they were establishing new law. They were saying what the law was, because if not, the decisions would be published. And as we look to the unpublished decisions of the Minnesota courts of appeals, we have several referring to that requirement, that the identity be proven, and in particularly instructive is Lubavitch. And there we had a series of violations, and the court of appeals said when you have each violation as an element, thus referring in that case to whether or not the defendant had possessed mushrooms or methamphetamine, the jury must agree as to which one. So Lubavitch is very instructive in that, in this context, very similar factually. It's also very instructive and persuasive in terms of what the court of appeals found to be the elements with respect to the identity of the substance. Looking also to Papadakis, there we had five different fifth-degree possession convictions arising out of a single behavioral incident, and that case is particularly instructive when we look at the fact that the court concluded that it was permissible to have several multiple crimes from the same incident. So the Minnesota case law supports the agency's conclusion but also the petitioner argues that because the controlled substances are referred to in a separate section of the statute, that that would indicate per this court's case law in McPhee and Hedberg, that that would indicate because they're listed separately that it's means or facts rather than elements. But as this court noted in Martinez, which was a drug case, first, that's not a universal rule, that if it's in a separate section it's a means. And secondly, it went on to analyze the statute and find there that the drug schedules listed separately were divisible by drug type. It's also important to note that several other courts of appeals have held the same. Recently, the 11th Circuit in Guillain made the same observation. Is that case in your brief? The case is cited in the government's brief at Guillain. Briefly, Guillain also is instructive because there in Guillain, the 11th Circuit is looking at Florida case law and something that the 11th Circuit found persuasive was that their interpretation of the Florida state cases would indicate similarly to here in Minnesota, the identity of the substance must be proven and therefore found it to be an element. And also the court in Guillain, the 11th Circuit, distinguished the Harbin case, the 2nd Circuit case, on that basis, looking at the case law, the Florida case law, and the 11th Circuit was distinguishing what had happened in Harbin because New York case law was different. According to the Guillain court in New York, different offenses with different substances were not different crimes. They were distinguishing the New York case law from the Florida case law. So we would argue that this case is more similar to Guillain than it would be to Harbin. Because the agency properly found the petitioner removable on the criminal removability ground, the criminal alien review bar applies and the court's jurisdiction then would be limited to constitutional claims and questions of law. And in this respect, the petitioner did not meet her burden of proving her manner of entry with respect to the second removability ground. She has not presented a valid, colorable question of law with respect to that one. The arguments there are that the agency didn't properly apply its case law matter of Quinlan, but that's not actually what the agency did. The agency didn't say that the facts, as alleged, wouldn't fit within its published precedent about what constitutes an admission. What the agency said was, the weight of the evidence in this case doesn't meet your burden of proving that's what happened. So that would then be a weight of the evidence factual question and the court should decline to review that should it sustain the criminal removability grounds. Also just to note, with respect to the motion to terminate that was made before the IJ and then on appeal before the board, the petitioner has filed a 28J in this case after briefing, citing to Caballero. I just want to take a brief moment to distinguish Caballero. In Caballero, the issue was whether or not a continuance would be granted so that the alien could pursue a U visa. In this case, we squarely had the request to terminate proceedings because that was apparently what was requested. Actual termination, not continuing the case in order to pursue parole in place, which would then enable the petitioner to apply for adjustment. So here it's distinguishable from Caballero in places the case more squarely aligned with the Hongi case, where the court expressed doubt about its jurisdiction to review the agency's declination to terminate because that was more akin to the agency's law enforcement prosecutorial discretion. But in the alternative, the court ruled that the agency did not abuse its discretion and declined it to terminate. And again, so here the court's review would be limited. And if there are no further questions. In this case, wasn't she charged with two separate drugs in one count? She was. That's a standard practice. Does that cut against your argument about divisibility? I know that was raised in the reply brief, that she was charged with methamphetamine and tramadol. And that was raised in the reply brief. I believe that that's what the court's referring to in Lubavitch because they refer to the count involving fifth degree possession and then the need for the jury to agree on which one it was. So apparently it appears to have happened in that case as well. And I think the most instructive case on that that I would direct the court to would be Papadakis. In Papadakis, they're talking about you can have multiple crimes from a single behavioral incident. And something else that might be instructive, and this was not cited in the brief, and again the count issue I believe came up in the reply brief. The Ninth Circuit in Martinez, I believe the cite on that is 864 F. 3rd, 1030 floor. In Martinez, the Ninth Circuit had a case, it was also a drug case, and it dealt with the Actus Reis. And when you had the state court saying these are the requirements and these are the elements of the offense, and then there were other court of appeals cases there that would seem to conflict. Because with respect to the Actus Reis there, you had I think it was sell and transport or sell and give away. And the Ninth Circuit was not troubled by that. The Ninth Circuit said when you're doing the elements analysis, you're looking to the case law first about what the state courts are saying the elements are. And if we do that here, we do have the Minnesota case law. And then the court went on to sort of make an analogy to harmless error. So that would be the response on that one. That here the state law indicates that the identity of the substance must be proven. And we also have unpublished case law saying that the identity of the substance must be proven and that it's an element if you look to flip of it. If it is divisible, we can then use the charging documents. What are we going to find? Methamphetamine and tramadol? Are they both listed? Correct. That is what she necessarily would have pled to. It's tramadol, a controlled substance under federal law. I don't think that was argued or briefed below. And I'm not. I would have to get back to the court. I assume it is under Minnesota law, right, by the way it's charged? It says a mixture of them, though. Right. But you don't, do you know about Minnesota law? I do not on that. I just know that it wasn't. Are the jury instructions part of the record? The jury instructions are. They were included as an exhibit in this case that they are found at the record. And I believe they're cited in both briefs to look for the jury instructions. Would you address the sufficiency of the notice? Yes. I filed last week a 28-J letter with respect to the court's recent decision in Alley. And in this court's recent decision in Alley, the court basically disposed of all of the arguments with respect to the immigration judge's jurisdiction when the time or location of the initial hearing. And so the arguments with respect to Pereira would be disposed of by the court's decision in Alley. So the government would request that the court dismiss or in the alternative deny the petition for review. Thank you, Ms. McKinney. Mr. Redkowski, your rebuttal. I'd like to quickly start by addressing counsel's argument that, or counsel's statement that there's no state court decision that definitively proves whether or not this is an element or means. The Mathis court specifically held that in order for the court of appeals to find that something is an element or a means, there must be a definitive answer from state law. If there's not a definitive answer, it would not be appropriate for this court to traditional tools of statutory construction to determine the meeting by digging through state court dicta. Without an answer from the state law, the rule of lenity should apply to construe ambiguities against the government, because otherwise this court is substituting its own judgment for that of the state court on an issue of substantive law, which likely violates the Erie Doctrine, the 10th Amendment, and even Article III, Section 2 of the Constitution. So with that in mind, it's worth quickly talking about the Lubavitch case, because in that case, there was two different acts of possession. The controlled substances did not matter. The acts of possession were a constructive act of possession for methamphetamine in a baggie outside of a truck, and a constructive act of possession for psilocybin mushrooms underneath the seat of the truck. In that case, had the methamphetamine baggie also had psilocybin mushrooms in it, and had the psilocybin baggie also had cocaine in it so that the crimes did not merge into one another for being the exact same substances, it would have still been necessary for the jury to unanimously agree on the specific act of possession at issue in order to sustain a guilty verdict. It would not have been necessary for the jury to agree as to which act of possession, which specific substance was being charged. In addition, it's worth quickly addressing the other circuits. So there is a Second Circuit case that I believe counsel referenced Harbin, and there was a recent case out of the Seventh Circuit, Najera-Rodriguez, which analyzed significantly similar state statutes in the context of Illinois and a state in the Ninth Circuit. And in both of those cases, those courts of appeals held that the statute was indivisible and overbroad. Well, counsel, if we did get to the merits, what's your merits argument first on the government's argument that you don't show entry and then the additional elements for obtaining relief on the merits? Right. So I believe that the no entry issue is, it's a collateral issue because if this does constitute a controlled substance crime, whether or not there is an entry, the person will be inadmissible and will be unable to adjust their status anyway. And so it's absolutely necessary to determine whether or not this is a controlled substance crime. If the court finds it's not, we believe that the petitioner's credible testimony was more than enough to meet their burden by clear and convincing evidence, as is often the standard in immigration cases. In immigration, it is very hard to prove many of the requisite facts for a great number of different things, including asylum, how you entered the country 20 years ago, et cetera. Because people's memories are not perfect, often her testimony stated she paid a smuggler. Smugglers are not in the habit of giving out their names. And so the fact that she was unable to remember the name is somewhat of a red herring. Based off the evidentiary burden of her credible testimony that was not disputed, while the immigration judge did find that they doubted that the person, like they seem to disbelieve the surrounding facts without actually disbelieving the fact itself. And that is not grounds to deny that she had a valid entry without any other evidence in the record to rebut her assertions. And so on that basis, we would ask that if this court finds that the statute is indivisible, that the court also find that she did meet her burden of establishing a valid entry. Thank you. Thank you, Mr. Redkoski. Thank you also.